# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BILL JAMES PROCTOR, | ) | 1:09-CV-00617 LJO SMS HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATION |
| | ) | REGARDING PETITION FOR WRIT OF |
| v. | ) | HABEAS CORPUS |
| | ) | |
| | ) | |
| D. ADAMS, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

pursuant to 28 U.S.C. § 2254.  This action has been referred to this Court pursuant to 28

U.S.C. § 636(b)(1) and Local Rule 72-302.

On March 30, 2009, Petitioner filed the instant petition for writ of habeas corpus. Petitioner

raises three claims regarding his 2005 burglary conviction in Stanislaus County Superior Court.

## DISCUSSION

A.  Procedural Grounds for Summary Dismissal

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

If it plainly appears from the petition and any attached exhibits that the petitioner is not
entitled to relief in the district court, the judge must dismiss the petition and direct the clerk
to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. See Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

B.  Failure to State a Cognizable Federal Claim

The basic scope of habeas corpus is prescribed by statute. Subsection (c) of Section 2241 of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution." 28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*.

(emphasis added). See also, Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court. The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

In Ground Three of the petition, Petitioner challenges the restitution fine of $3,600.00. This is not an proper claim in a federal habeas action, because an order of restitution does not satisfy the custody requirement. United States v. Kramer, 195 F.3d 1129, 1130 (9th Cir.1999), *as amended*, (Nov. 18, 1999). Further, collateral relief from a restitution fine is not made available because Petitioner is also subject to custodial penalties. United States v. Thiele, 314 F.3d 399, 402 (9th Cir.2002). The claim is not cognizable as it does not challenge the legality of Petitioner's custody. It should be dismissed from the petition.

**RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that Ground Three be DISMISSED from the petition for writ of habeas corpus for failure to state a claim cognizable under 28 U.S.C. § 2254.

This Findings and Recommendation is submitted to the Honorable Lawrence J. O'Neill,

1 United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and

2 Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of

3 California.

4      Within thirty (30) days after being served with a copy, any party may file written objections

5 with the court and serve a copy on all parties. Such a document should be captioned "Objections to

6 Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and

7 filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections.

8 The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The

9 parties are advised that failure to file objections within the specified time may waive the right to

10 appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

11

12 IT IS SO ORDERED.

13 **Dated:**   **May 1, 2009**             <u>/s/ Sandra M. Snyder</u>
                                     UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28