UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILL J. PROCTOR,<br><br>Petitioner,<br><br>v.<br><br>D. ADAMS, Warden,<br><br>Respondent. | 1:09-CV-00617 LJO SMS HC<br><br>FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**PROCEDURAL BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Stanislaus, following his conviction by jury trial on April 18, 2005, of first degree burglary (Cal. Penal Code § 459) and resisting arrest (Cal. Penal Code § 148(a)). (CT[1] 221.) The trial court also found true the allegations that Petitioner had sustained a prior serious felony conviction within the meaning of California's Three Strikes law for a first degree burglary conviction in Oklahoma (Cal. Penal Code §§ 667(d), 667(a), 667.5(b)). (CT

[1] "CT" refers to the Clerk's Transcript on Appeal.

220-221.) On May 26, 2005, Petitioner was sentenced to serve a determinate term of 17 years. (CT 220-221.)

Petitioner timely appealed to the California Court of Appeals, Fifth Appellate District (hereinafter "Fifth DCA"). Appellate counsel filed a *Wende* brief pursuant to People v. Wende, 25 Cal.3d 436 (1979). (LD[2] 1.) Petitioner subsequently filed a letter brief raising an ineffective assistance of counsel claim. (LD 2.) On January 5, 2006, the Fifth DCA affirmed the judgment in a reasoned opinion. (LD 3.) Petitioner did not petition for review in the California Supreme Court.

Petitioner filed a petition for writ of habeas corpus in the Stanislaus County Superior Court. The petition was denied on June 22, 2007. (LD 5.)

On August 1, 2006, he filed a petition for writ of habeas corpus in the California Supreme Court. (LD 6.) That petition was summarily denied on February 14, 2007. (LD 7. )

On August 14, 2007, he filed a habeas petition in the Fifth DCA. (LD 8.) The petition was summarily denied on August 1, 2008. (LD 9.)

On August 8, 2008, he filed a habeas petition in the California Supreme Court. (LD 10.) The petition was summarily denied on February 18, 2009. (LD 11.)

On March 30, 2009, Petitioner filed the instant federal habeas petition. The petition raises the following three (3) claims for relief: 1) Petitioner contends his sentence is in excess of the maximum permissible under statute in violation of the Supreme Court's holding in Cunningham v. California, 549 U.S. 270 (2007); 2) Petitioner alleges ineffective assistance of counsel for trial counsel's alleged failure to bring a *Sumstine*[3] motion; and 3) The restitution fine of $3,600.00 was wrongfully imposed. Following preliminary review of the petition, the Court determined that ground three should be dismissed as not cognizable. The District Court adopted the recommendation of the undersigned and dismissed the claim on June 11, 2009. On October 9, 2009, Respondent filed an answer to the two remaining claims. Petitioner did not file a traverse.

---

[2] "LD" refers to the documents lodged by Respondent.

[3] People v. Sumstine, 36 Cal.3d 909 (1984).

## FACTUAL BACKGROUND[4]

> On February 28, 2005, at approximately 3:00 a.m., officers from the Turlock Police Department were dispatched to a reported residential burglary located at 4600 Colorado Avenue in Turlock, California. The reporting party, Steve Herghelian, stated suspicious persons were in a white El Camino truck and parked in front of 4600 Colorado Avenue. He had observed them enter the garage of the residence. As officers arrived they observed the suspect's vehicle leaving the area. The victim's daughter, Elin Parker, was contacted and she indicated her garage door was not secure and noticed a new Craftsman blower and a yellow Lumber Jack chainsaw were missing.
>
> Officer Hepner located the described vehicle traveling westbound on East Springer Drive, and initiated a traffic stop. Contact was made with the occupants of the vehicle. The defendant identified as Michael Coffman, exited the vehicle and began to walk to the front of the truck. The passenger, [Petitioner], remained inside the cab of the vehicle. The officer noticed a Lumber Jack 16" electric chainsaw, and a Craftsman electric blower in the back of the truck. Officer Hepner contacted Ms. Parker and she positively identified both items, which were removed from her garage. In addition, numerous miscellaneous tools and other items, such as flashlights, gloves and electrical power tools were found during an inventory search of the vehicle. During the inventory search, [Petitioner] pulled away from Officer Shaw and began to run eastbound on East Springer Avenue. After a brief struggle, [Petitioner] was apprehended.

(CT 214.)

## DISCUSSION

### I. Jurisdiction

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 fn.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution. In addition, the conviction challenged arises out of the Stanislaus County Superior Court, which is located within the jurisdiction of this court. 28 U.S.C. § 2254(a); 2241(d). Accordingly, the Court has jurisdiction over the action.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320 (1997), *cert. denied,* 522 U.S. 1008 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997), *quoting* Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert.*

---

[4] The factual background is taken from the report of the probation officer, as the appellate court did not set forth the facts in this case.

*denied,* 520 U.S. 1107 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed after the enactment of the AEDPA; thus, it is governed by its provisions.

**II. Legal Standard of Review**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The instant petition is reviewed under the provisions of the Antiterrorism and Effective Death Penalty Act which became effective on April 24, 1996. Lockyer v. Andrade, 538 U.S. 63, 70 (2003). Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); see Lockyer, 538 U.S. at 70-71; see Williams, 529 U.S. at 413.

As a threshold matter, this Court must "first decide what constitutes 'clearly established Federal law, as determined by the Supreme Court of the United States.'" Lockyer, 538 U.S. at 71, *quoting* 28 U.S.C. § 2254(d)(1). In ascertaining what is "clearly established Federal law," this Court must look to the "holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." Id., *quoting* Williams, 592 U.S. at 412. "In other words, 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." Id.

Finally, this Court must consider whether the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law." Lockyer, 538 U.S. at 72, *quoting* 28 U.S.C. § 2254(d)(1). "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 413; see also Lockyer, 538 U.S. at 72.

"Under the 'reasonable application clause,' a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413.

"[A] federal court may not issue the writ simply because the court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." Id. at 409.

Petitioner has the burden of establishing that the decision of the state court is contrary to or involved an unreasonable application of United States Supreme Court precedent. Baylor v. Estelle, 94 F.3d 1321, 1325 (9th Cir. 1996). Although only Supreme Court law is binding on the states, Ninth Circuit precedent remains relevant persuasive authority in determining whether a state court decision is objectively unreasonable. See Duhaime v. Ducharme, 200 F.3d 597, 600-01 (9th Cir.1999).

AEDPA requires that we give considerable deference to state court decisions. The state court's factual findings are presumed correct, 28 U.S.C. § 2254(e)(1), and we are bound by a state's interpretation of its own laws. Souch v. Schaivo, 289 F.3d 616, 621 (9th Cir.2002), *cert. denied*, 537 U.S. 859 (2002), *rehearing denied*, 537 U.S. 1149 (2003).

## **III. Review of Petition**

### **A. Ground One**

Petitioner first claims his sentence was in excess of the permissible statutory maximum in violation of Cunningham v. California, 549 U.S. 270 (2007). He asserts the fact of the prior conviction relied on by the sentencing judge to enhance his sentence was not based on a jury finding as required by Cunningham.

#### *1. Sentencing*

In deciding Petitioner's sentence, the trial court stated the following:

> In considering whether to impose the mid, aggravated, or mitigated term, the Court has - - because [of] Blakely vs. State of Washington (2004) 124 S.Ct 2531, Court will limit its finding in aggravation and mitigation to the priors of which Mr. Proctor waived jury trial

and there was an actual finding.

Those were a prior first degree burglary from Oklahoma in 1987, and a second degree burglary from Stanislaus County in June of 2004 for which at least - - the latter for which Mr. Proctor was on parole when this new offense occurred.

While the Court does not believe that any mitigating evidence was presented, in any event, under California Rule of Court 4.421 (b) and (4), Court finds that Mr. Proctor's prior record and the fact that he was on parole being aggravated factors outweighing any possible mitigating factors.

Accordingly, the Court orders the aggravated term of six years be imposed. Under 667(e)(1) and 1170.12(c)(1), because of Mr. Proctor's serious prior felony conviction for first degree burglary the sentence is doubled to 12 years.

Under 667(a)(1) an additional five years is imposed because of Mr. Proctor's very lengthy prior criminal prison record. The Court finds no basis to strike this under Penal Code Section 1385.

However, since Mr. Proctor will be receiving only 80 percent good and work time the Court declines to impose the additional year for the prison prior under 667.5(b) and accordingly strikes that finding.

(2RT[5] 317-318.)

2. *Analysis of Claim by State Court*

This claim was presented in a habeas petition in the Stanislaus County Superior Court, where it was rejected in a reasoned opinion. (LD 5.) Petitioner then presented the claim to the California Supreme Court where it was summarily denied. (LD 6, 7.) The California Supreme Court, by its "silent order" denying review of the superior court's decision, is presumed to have denied the claim presented for the same reasons stated in the opinion of the superior court. Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).

The superior court rejected the claim as follows:

Petitioner Bill James Proctor asserts in his Petition for Writ of Habeas Corpus that the court impermissibly relied upon his prior conviction for first degree burglary both to impose the aggravated term of 6 years and to enhance his sentence for 5 additional years under P.C. 667(a)(1).

The aggravated term of 6 years was imposed based upon Petitioner's 'prior record and the fact that he was on parole' (Reporter's Transcript, Pronouncement of Judgment, p. 6, lines 4-9).

The Petitioner's parole status alone is sufficient to support the imposition of the upper term. Imposition of the aggravated term based upon Petitioner's status as a repeat offender as

[5] "2RT" refers to the second volume of the Reporter's Transcript on Appeal.

> evidenced by his parole status does not run afoul of his 6th Amendment rights within the meaning of Blakely v. Washington (2004) 542 U.S. 296, Apprendi v. New Jersey, (2000) 530 U.S. 466, or Cunningham v. California, (2007) ___ U.S. ___, [1666 L.Ed.2d 856]. People v. Abercrombie (2007) 2007 DJDAR 7685 at 7687.
>
> At the sentencing hearing the court had before it information regarding Petitioner's criminal history of convictions dating from 1978 through 2004 as further evidence of his recidivism. '[R]ecidivism does not need to be alleged or proved to increase a sentence because recidivism was 'as typical a sentencing factor as one might imagine.' Abercrombie, *supra,* citing Almendariz-Torres v. United States (1998) 523 U.S. 224 [140 L.Ed.2d 350].
>
> This court concludes that there was no impermissible dual use of facts in the imposition of the upper term. The petition is DENIED.

(LD 5.)

*3. Federal Standard and Review of Claim*

In Apprendi v. New Jersey, 530 U.S. 466, 490 (2000) (emphasis added), the Supreme Court held that *"[o]ther than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." This holding, including the exception for a defendant's criminal history, has been upheld by the Supreme Court in several subsequent cases. See James v. United States, 550 U.S. 192, 214 n.8 (2007); Cunningham v. California, 549 U.S. 270, 274-75 (2007); United States v. Booker, 543 U.S. 220, 230-31 (2005); Blakely v. Washington, 542 U.S. 296, 301 (2004). In Cunningham, the case relied on by Petitioner, the Supreme Court held that the middle term in California's sentencing scheme is the statutory maximum. 549 U.S. at 288. Nevertheless, the criminal history exception was retained. Id. at 275 ("[T]he Federal Constitution's jury-trial guarantee proscribes a sentencing scheme that allows a judge to impose a sentence above the statutory maximum based on a fact, *other than a prior conviction*, not found by a jury or admitted by the defendant.") (emphasis added).

In this case, therefore, Petitioner's sentence did not violate his Sixth Amendment rights. Petitioner waived his right to a jury trial on his priors. The trial court found the allegations true beyond a reasonable doubt. The trial court then sentenced Petitioner to an upper term based on those prior convictions. The sentence fell squarely within the prior conviction exception. See Almendarez-Torres v. United States, 523 U.S. 224, 247 (1998); Apprendi, 530 U.S. at 490. In addition, the state court specifically and correctly relied on Supreme Court precedent in determining Petitioner's sentence.

Therefore, the state court rejection of Petitioner's claim was not contrary to, or an unreasonable application of, clearly established Federal law as determined by the Supreme Court. The claim should be denied.

**B. Ground Two**

In his second claim, Petitioner alleges he received ineffective assistance when trial counsel refused to bring a *Sumstine* motion to challenge the Oklahoma priors.

*1. Analysis of Claim by State Court*

This claim was presented on direct appeal to the Fifth DCA where it was rejected in a reasoned opinion. (LD 1.) The claim was also raised in habeas petitions to the Stanislaus County Superior Court, Fifth DCA and California Supreme Court. (LD 4-11.) Those courts denied the claim without comment. Therefore, the last reasoned decision is the opinion of the Fifth DCA. Ylst, 501 U.S. at 803.

The appellate court denied the claim as follows:

> Proctor's appointed appellate counsel has filed an opening brief which summarizes the pertinent facts, raises no issues, and requests this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436.) The opening brief also includes the declaration of appellate counsel indicating that Proctor was advised he could file his own brief with this court. By letter on August 3, 2005, we invited Proctor to submit additional briefing.
>
> On September 21, 2005, Proctor replied with a letter brief contending that his original trial counsel improperly informed Proctor that he could not file a collateral attack on his Oklahoma conviction on the ground that he did not receive proper *Boykin/Tahl* admonitions when he pled guilty in that state to first degree burglary.[FN3] Proctor further contends the trial court improperly denied his collateral attack on the Oklahoma conviction pursuant to *People v. Sumstine* (1984) 36 Cal.3d 909, 914-924.
>
> FN3. *Boykin v. Alabama* (1969) 395 U.S. 238; *In re Tahl* (1969) 1 Cal.3d 122.
>
> Contrary to Proctor's assertion, we have found no reference in the record to a *Sumstine* motion being made by Proctor or ruled upon by the trial court. The record on appeal is devoid of any advisement by trial counsel to Proctor that counsel could not make a *Sumstine* motion. There is, therefore, no way for us to evaluate Proctor's contention on direct appeal. It is elementary that the function of an appellate court in reviewing the judgment of the trial court on direct appeal is limited to a consideration of matters contained in the record of the trial proceedings. (*People v. Landers* (1976) 59 Cal.App.3d 846, 850.)
>
> Our review of the record of Proctor's Oklahoma conviction for first degree burglary reveals Proctor executed a change of plea form in Oklahoma in which he acknowledged that he was waiving each of his *Boykin/Tahl* rights. Had counsel made a *Sumstine* motion, it is unlikely Proctor would have prevailed on the merits of such a motion. Counsel is not required to make futile motions. (*People v. Maury* (2003) 30 Cal.4th 342, 390; *People v. Mendoza* (2000) 24 Cal.4th 130, 166.) Proctor also contends that a police officer who was a

> witness talked to a member of the jury outside the courtroom during a recess. This is a matter outside the record which cannot be reviewed on appeal. (*People v. Landers, supra,* 59 Cal .App.3d 846, 850.)
>
> After independent review of the record, we have concluded no reasonably arguable legal or factual argument exists.

(LD 3:2-3.)

*2. Federal Standard and Review of Claim*

As Respondent correctly notes, to the extent that Petitioner challenges his prior conviction on the basis of inadequate *Boykin/Tahl* admonitions, he fails to state a cognizable claim for relief. First, "the United States Supreme Court has never recognized California's *Sumstine* doctrine as creating a liberty interest that is protected by the Fourteenth Amendment." Nunes v. Ramirez-Palmer, 485 F.3d 432, 443 (9th Cir.2007). Therefore, the state court rejection of the claim cannot be "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Second, that conviction is no longer open to challenge. "[O]nce a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. . . . If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained." Lackawanna County Dist. Atty. v. Coss, 532 U.S. 394, 403-404 (2001).

Petitioner also claims his defense counsel rendered ineffective assistance by failing to bring a *Sumstine* motion to challenge the Oklahoma prior. Ineffective assistance of counsel is based on the Sixth Amendment right to counsel, which exists "in order to protect the fundamental right to a fair trial." Strickland v. Washington, 466 U.S. 668, 684 (1984)). A claim for ineffective assistance must meet the two-part test advanced by the Strickland court. First, Petitioner must show that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. Petitioner must show that counsel's representation fell below an objective standard of reasonableness, and must identify counsel's alleged acts or omissions that

were not the result of reasonable professional judgment considering the circumstances. Id. at 688; United States v. Quintero-Barraza, 78 F.3d 1344, 1348 (9th Cir. 1995). Judicial scrutiny of counsel's performance is highly deferential, and a court indulges a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 687; Sanders v. Ratelle, 21 F.3d 1446, 1456 (9th Cir.1994). Second, Petitioner must show that the deficient performance prejudiced the defense. Strickland, 466 U.S. at 687. To demonstrate prejudice, Petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result ... would have been different." Id. at 694.

Here, Petitioner fails to demonstrate that counsel was ineffective in failing to bring a *Sumstine* motion because there was no evidence to support such a motion. As noted by the state court, the evidence showed Petitioner signed a waiver of his *Boykin/Tahl* rights in the prior conviction. (LD 3.) Therefore, a *Sumstine* motion would have been futile. Counsel's failure to raise a meritless legal argument cannot constitute ineffective assistance of counsel. Shah v. United States, 878 F.2d 1156, 1162 (9th Cir. 1989). Additionally, Petitioner cannot show prejudice resulting from counsel's failure. Since a *Sumstine* motion would have been unsuccessful, it is clear the result would have been no different if counsel had brought the motion. In sum, the state court ruling was not contrary to, or an unreasonable application of, clearly established Federal law as determined by the Supreme Court. The claim should be denied.

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the petition for writ of habeas corpus be DENIED WITH PREJUDICE and the Clerk of Court be DIRECTED to enter judgment for Respondent.

This Findings and Recommendation is submitted to the Honorable Lawrence J. O'Neill, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall

be served and filed within fourteen (14) days after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated: April 30, 2010**

**/s/ Sandra M. Snyder**
UNITED STATES MAGISTRATE JUDGE